UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| DERRICK D. BLACKMON, | ) |
| | ) |
| Movant, | ) |
| | ) |
| v. | ) No. 1:16-CV-134-CAS |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on review of movant's motion to vacate and to hold this case in abeyance pending a decision from the United States Court of Appeals for the Eighth Circuit on movant's petition to file a successive habeas action. Movant claims that the Supreme Court case of <u>Johnson v. United States</u>, 135 S.Ct. 2551 (2015), decided in June of 2015, should be applied to his case in order to reduce his sentence.

Upon review of the Court's records, it appears that movant previously brought a § 2255 action that was denied on the merits. See <u>Blackmon v. United States</u>, No. 1:07-CV-70-CAS (E.D. Mo). As such, the instant motion is a "second or successive motion" within the meaning of 28 U.S.C. §§ 2244 & 2255. The motion, however, has not yet been certified by the United States Court of Appeals for the Eighth Circuit as required by the AEDPA.

Under 28 U.S.C. § 2255(h):

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by

clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

When a second or successive habeas petition is filed in a District Court without the authorization of the Court of Appeals, the Court should dismiss it, or, in its discretion and in the interests of justice, transfer the motion to the Court of Appeals. Boyd v. United States, 304 F.3d 813, 814 (8th Cir. 2002). Because movant has apparently already filed an action with the Eighth Circuit Court of Appeals as a request to file a second or successive § 2255 motion based on Johnson, this Court will not transfer the instant action, but rather, will dismiss it without prejudice to refiling if, and when, movant obtains permission to do so.

Accordingly,

**IT IS HEREBY ORDERED** that the instant motion to vacate is **DENIED**, without prejudice, because movant has not yet obtained permission from the United States Court of Appeals for the Eighth Circuit to bring the motion in this Court. See 28 U.S.C. § 2255(h).

**IT IS FURTHER ORDERED** that the Clerk is directed to forward a copy of this Order to the Federal Public Defender.

A separate Order of Dismissal shall accompany this Memorandum and Order.

                                                  /s/ Charles A. Shaw
                                                  **CHARLES A. SHAW**
                                                  **UNITED STATES DISTRICT JUDGE**

Dated this   22nd   day of June, 2016.